# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| John Does #1-69, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>RICK SWEARINGEN, Commissioner of the Florida Department of Law Enforcement, in his official capacity.<br><br>Defendant. | Case No: 6:18-cv-01731-CEM-KRS |

_____

## PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE
## TO PROCEED ANONYMOUSLY

_____

NOW COMES Plaintiffs John Does #1-69, on behalf of themselves and those similarly situated, through Counsel, and move this Court for leave to proceed anonymously in this action. The motion is made pursuant to Rule 10(a) of the Federal Rules of Civil Procedure and *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). In support of this motion, Plaintiffs state as follows:

1.      While Rule 10(a) generally requires that the complaint "name all parties," the Eleventh Circuit has allowed anonymous filing if the plaintiff possesses "a substantial privacy

1

right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

2. In *Frank*, the Eleventh Circuit instructed that plaintiffs should be allowed to proceed anonymously in rare situations "involving matters of a highly sensitive and personal nature." *Frank*, 951 F.2d at 324. Plaintiffs' challenge of the Florida statutes involved with Florida's Sex Offender Registration and Notification Act warrants anonymous filing under *Frank*.

3. Courts in the Eleventh Circuit and elsewhere have routinely recognized challenges to "sex offender" laws as one of the rare situations justifying anonymous suits. *See Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005) (anonymous challenge to Florida's sex offender registration and notification laws); *Doe v. Baker*, No. 05-cv-2265, 2006 WL 905368 (N.D. Ga. April 5, 2006) (anonymous challenge to Georgia's sex offender residency law); *Doe v. Pryor*, 61 F.Supp.2d 1224 (M.D. Ala. 1999) (anonymous challenge to Alabama's sex offender registration and residency law); *see also Smith v. Doe*, 584 U.S. 84 (2003) (anonymous challenge to Alaska's sex offender registration law); *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003) (anonymous challenge to Connecticut's sex offender registration law).

4. Plaintiffs have substantial privacy and security interests in protecting their confidentiality. Plaintiffs challenge the Florida Statutes, section 943.0435 (1997)( Florida Sex Offender Registration and Notification Act). Success on this challenge will permit Plaintiffs to be free from having to comply with the Florida Sex Offender Registration and Notification Act.

5. The very threat of Plaintiffs and others like them being identified in the community may incite public anger and frustration. Given the public's generalized fear of sex offenders regardless of the offender's actual risk to public safety, identifying Plaintiffs could expose them to public condemnation and vigilantism.[1]

6. Plaintiffs John Does #1-69, and those similarly situated, would be subject to various degrees of public harm if identified in the suit. This harm can be anything from eviction from residences to physical bodily harm.

7. The need to protect Plaintiffs' privacy and safety during this lawsuit outweighs the presumption of judicial openness codified in Rule 10(a). *See Estate of Rodriguez v. Drummond Co., Inc.*, 256 F.Supp.2d 1250, 1257 (N.D. Ala. 2003) (discussing *Frank*, 951 F.2d 320).

WHEREFORE, Plaintiffs move this Court to grant them leave to proceed anonymously in this action.

Date: January 18, 2019

**/s/Shon Douctre**
Shon Douctre
Florida Bar No. 569518
Private Counsel, LLC
733 W. Colonial Dr.
Orlando, FL 32804-7343
Office: 407-849-2949
Fax: 407-849-2951
sdouctre@gmail.com
**Lead Counsel for Plaintiffs**

Respectfully submitted.

**s/Terence Estes-Hightower**
Terence Estes-Hightower
Estes-Hightower PLLC
Attorneys and Counselors
State Bar No. 24028746
16770 Imperial Valley Drive, Suite 235
Houston, TX 77060
832-203-2954-Office
teri.ehpllc@gmail.com
**Pro Hac Vice Counsel for Plaintiffs**

---

[1] *See, e.g.*, Steven Yoder, *Life on the List*, AMERICAN PROSPECT (April 4, 2011) available at http://prospect.org/article/life-list ("There is also ample evidence that since [Megan's Law] passed, vigilantes have used sex-offender registries to threaten, harass, and inflict violence on hundreds of offenders and their families."); Kyle Swenson, *Sympathy for the Devil: Should Sex Offenders Have More Rights, or No Rights at All*, BROWARD/PALM BEACH NEW TIMES (Aug. 22, 2013), available at http://www.browardpalmbeach.com/2013-08-22/news/sympathy-for-the-devils-should-sex-offenders-should-have-more-rights-or-none-at-all/full/ (describing vigilante efforts against individuals on the Florida sex offender registry).

3

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

Karen Brodeen, Attorney for Defendant
Via efile

    Houston, Texas, this 19th day of January, 2019.

                                      Respectfully submitted,

**/s/Shon Douctre**                 **/s/Terence Estes-Hightower**
Shon Douctre                    Terence Estes-Hightower

## Certificate of Conference

Pursuant to Local Rule 3.01(g), I certify that I, Plaintiffs' Counsel, have conferred with Opposing Counsel, Karen Brodeen, and Counsel did not agree on the merits. Opposing Counsel has opposed this motion.

January 18, 2019                 Respectfully submitted.

                                      **/s/Terence Estes-Hightower**
                                      Terence Estes-Hightower