# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOES #1-60,**

      **Plaintiffs,**

**v.**                                                           Case No:  6:18-cv-1731-Orl-41KRS

**RICK SWEARINGEN,**

      **Defendant.**

## REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO PROCEED ANONYMOUSLY (Doc. No. 22)**
>
> **FILED:** **January 18, 2019**

## I. INTRODUCTION.

On October 15, 2018, Plaintiffs, John Does #1–60, filed a class action complaint for declaratory and injunctive relief against Defendant Rick Scott, in his official capacity as the Governor of the State of Florida, and Defendant Rick Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement. Doc. No. 1. On December 14, 2018, Plaintiffs, John Does #1–69 filed an amended class action complaint solely against Defendant

---

[1] "A district court's order denying anonymity for a party is a final appealable order under the collateral order doctrine." *Plaintiff B v. Francis*, 631 F.3d 1310, 1314–15 (11th Cir. 2011) (citing *Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. Unit A Aug. 1981)). Pursuant to Local Rule 6.01(c), a Magistrate Judge may not enter a "final order or judgment that would be appealable if entered by a judge of the Court, but may make recommendations to the Court concerning them."

Rick Swearingen, in his official capacity. Doc. No. 11. Defendant Rick Scott was terminated as a party pursuant to the amended complaint.

In the amended complaint, Plaintiffs challenge the constitutionality of Fla. Stat. § 943.0435, which sets forth Florida's sexual offender registration and notification requirements ("the Act"). *Id.* at 1–2. Each of the Plaintiffs was convicted of a crime subjecting them to the requirements of the Act. *Id.* at 4–50; *see also* Doc. No. 1-1. Plaintiffs allege that the Act violates the Ex Post Facto and Contracts Clauses of the United States Constitution, the Due Process Clause of the Fourteenth Amendment, and the First, Fifth and Eighth Amendments of the United States Constitution. Doc. No. 11, at 2.

On January 18, 2019, Plaintiffs filed a Motion and Memorandum for Leave to Proceed Anonymously. Doc. No. 22. They assert that they have substantial privacy and security interests in protecting their confidentiality because if they are successful in their constitutional challenge, they will be relieved from having to comply with the Act. *Id.* ¶ 4. They contend that disclosure of their identifications "may incite public anger and frustration," and because of "the public's generalized fear of sex offenders regardless of the offender's actual risk to public safety, identifying Plaintiffs could expose them to public condemnation and vigilantism." *Id.* ¶ 5. They further contend that Plaintiffs "would be subject to various degrees of public harm if identified in the suit" ranging from eviction from residences to physical bodily harm. *Id.* ¶ 6. According to Plaintiffs, the need to protect their privacy and safety outweighs the presumption of openness of judicial proceedings. *Id.* ¶ 7.

Defendant opposes the motion. Doc. No. 23. He argues that no private, intimate facts would be disclosed by revealing Plaintiffs' identities because the facts of Plaintiffs' criminal convictions are already public. *Id.* at 6. Defendant contends that Plaintiffs' general, speculative

claims of harassment and retaliation because of publicity related to this lawsuit do not warrant anonymity. *Id.* at 8–10. Thus, Defendant concludes that Plaintiffs' motion does not affirmatively demonstrate that they should be allowed to remain anonymous. *Id.* at 12.

The motion was referred to the undersigned, and the matter is now ripe for review.

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure 10(a) creates a presumption that every pleading filed in this Court must name all parties. Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)).

The Eleventh Circuit has developed a multi-factor balancing test to determine whether a plaintiff has shown that he or she has a substantial privacy right that outweighs the presumption of openness in judicial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (citing *Stegall*, 653 F.2d at 185). The Court should consider, among other factors: (1) whether the plaintiff seeking anonymity is challenging government activity; (2) whether the plaintiff must "disclose information of the utmost intimacy"; and (3) whether the plaintiff will be compelled to admit illegal conduct, thus risking criminal prosecution. *Frank*, 951 F.2d at 323. The list is non-exclusive, and courts may consider other factors based on the particularities of the case. *Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *2 (M.D. Fla. Oct. 18, 2016). Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. *Plaintiff B*, 631 F.3d at 1315.

**III.    ANALYSIS.**

In the motion, Plaintiffs do not address the factors set forth by the Eleventh Circuit. They do not allege that they will be compelled to admit illegal conduct and risk criminal prosecution if their request to proceed anonymously is denied. Nor do they contend that they must "disclose information of the utmost intimacy." Doc. No. 22. Although it is undisputed that Plaintiffs are challenging government activity, Doc. No. 24, at 5–6, that factor alone is not dispositive. *See Frank*, 951 F.2d at 323–24. Thus, the Court must consider whether there are any other particular circumstances of this case that weigh in favor of anonymity and against the presumption of openness in judicial proceedings.

I recommend that the Court find that Plaintiffs have failed to establish that they are entitled to proceed under pseudonyms in this case. First, Plaintiffs claim that they have substantial privacy and security interests in protecting their confidentiality. Doc. No. 22 ¶ 4. However, the information Plaintiffs seek to suppress is already public—their underlying convictions are public record and they are registered for Florida's sex offender registry, information which is available to the public. Thus, "there simply is no disclosure of an intensely *private* fact, because the information is already within the public domain." *See Rowe v. Burton*, 884 F. Supp. 1372, 1388 (D. Alaska 1994) (denying plaintiffs' request for anonymity in challenge to Alaska sex offender registration requirements); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("While we appreciate Appellee's interest in attempting to prevent disclosure of his status as a sex offender, such disclosure has presumably already occurred in the underlying conviction.").

Second, Plaintiffs represent that "Courts in the Eleventh Circuit and elsewhere have routinely recognized challenges to 'sex offender' laws as one of the rare situations justifying anonymous suits." Doc. No. 22 ¶ 3. However, none of the cases cited by Plaintiffs actually

addresses whether the sex offender plaintiffs should be allowed to proceed anonymously. *See Smith v. Doe*, 538 U.S. 84 (2003); *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003); *Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005); *Doe v. Baker*, No. CIV.A. 1:05-CV-2265-, 2006 WL 905368 (N.D. Ga. Apr. 5, 2006); *Doe v. Pryor*, 61 F. Supp. 2d 1224, 1225 (M.D. Ala. 1999). And, while some courts have allowed plaintiffs challenging sex offender registration requirements to proceed anonymously, there is contrary authority concluding that anonymity is not warranted. *See, e.g.*, *Mueller v. Raemisch*, 740 F.3d 1128, 1135 (7th Cir. 2014); *Femedeer*, 227 F.3d at 1246.

Third, Plaintiffs' claims of alleged harm that would result from revealing their identities is speculative. They claim that "[t]he very threat of Plaintiffs and others like them being identified in the community may incite anger and frustration." Doc. No. 22 ¶ 5. Again, the argument that they will be "identified in the community" in unpersuasive because information regarding their identities is available to the public due to their convictions. *See Burton*, 884 F. Supp. at 1388. In addition, Plaintiffs claim that based on the "public's generalized fear of sex offenders," identification of Plaintiffs could "expose them to condemnation and vigilantism." Doc. No. 22 ¶ 5. Plaintiffs also allege that they may suffer injuries ranging from "evictions from residences to physical bodily harm." *Id.* ¶ 6. Plaintiffs fail to include factual support for any of these assertions. Thus, I recommend that the Court find that Plaintiffs' concerns of future speculative harm are insufficient to warrant Plaintiffs' anonymity in these proceedings. *See Mueller*, 740 F.3d at 1135 ("No doubt a sex offender's filing a suit challenging a sex offender law attracts fresh attention to him, but even if the increment in notoriety is substantial we don't think he should be permitted to litigate anonymously. Secrecy in judicial proceedings, including concealment of parties' names, is disfavored."); *cf. Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity.").

"It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. Accordingly, I recommend that the Court find that Plaintiffs have not established that their asserted privacy and safety interests in remaining anonymous outweigh the presumption of openness in judicial proceedings.

## IV.     RECOMMENDATION.

For the foregoing reasons, **I RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiffs' Motion and Memorandum for Leave to Proceed Anonymously (Doc. No. 22), and **ORDER** Plaintiffs to file, within a time established by the Court, a second amended complaint listing their true names.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 1, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy